# CHARLESTON.

GARRISON v. THE VILLAGE OF FLATWOODS

and

MOORE v. THE VILLAGE OF FLATWOODS.

Submitted January 30, 1912.   Decided May 13, 1913.

DEDICATION—*Evidence—Sufficiency.*

Evidence held insufficient to establish dedication of land to public use.

Appeal from Circuit Court, Braxton County.

Suits by C. H. Garrison and by one Moore against the Village of Flatwoods.   Decree for defendant in both actions, and plaintiffs appeal.

*Reversed, and Decrees Entered.*

*Jake Fisher* and *Hines & Kelly,* for appellants.

*Hall Bros.* and *Haymond & Fox,* for appellee.

ROBINSON, JUDGE:

The cases styled above are identical.   The issue in the one is the same as that in the other.   By agreement the same evidence has been made to apply to both.   It is proper therefore to dispose of them together.

Each suit has for its object the perpetual enjoining of the town authorities from taking the enclosed and improved ground of the plaintiff therein for the widening of a street.   Two adjoining lots, one owned by Garrison, and the other by Moore, abut on a street called Squires Street.   These lots to the full extent now claimed by the plaintiffs in these suits have long been in their possession, or in the possession of those under whom

they hold, under exclusive fence enclosure. Squires Street, running by the side of the two lots, for a long time has been laid out and used as a street about twenty feet wide. The town authorities, claiming that Squires Street had been dedicated as a street thirty feet wide by the owner of the farm on which the town grew up, were proceeding to widen it to thirty feet by taking a strip of each lot, when Garrison and Moore by these suits obtained injunctions. Pleadings and proofs were fully submitted in the cases, and upon a hearing the injunctions were dissolved and the plaintiffs were ordered by the decrees to permit the widening of the street.

A careful review of the record leads us clearly to the conclusion that the court erred in denying relief to plaintiffs. It will serve no useful purpose to detail and discuss much of the mass of facts and circumstances shown. Out of it all there prevails that which is decisive against the town—a dedication to the public of the ground sought to be taken is not proved.

Susan C. Squires owned the farm out of which the lots and the street were laid off. The town rests its claim on a dedication by her. She had certain building lots surveyed out of the farm in 1889 by James Morrison, long before the incorporation of the municipality. If a plat of this work was ever made, it was never recorded, and no lots were ever sold by reference to it. Morrison laid off a street where Squires Street now is, and *his recollection is* that he made it thirty feet wide. The western line thereof—the one now in dispute—was run by him where the town now insists it should be. Morrison says that it came considerably inside the enclosure of the garden and yard of the farm home, up to the well curb, that Susan C. Squires objected, and that she and her husband had words about such location of the line, but that they decided to let the line remain there. Another witness testifies that he heard Mrs. Squires protesting against such location of the line, but does not know what was done in the end. This is absolutely the only evidence tending to bind Mrs. Squires to a location of the western line of Squires Street over on what is now the property of plaintiffs. Some declarations of her husband that the street was to be thirty feet wide are shown, but contrary declarations by him are also proved. The property was the separate estate of this married woman. Surely all that we have seen so far would not take

her land from her. Moreover, the street was never thrown open according to the line to which Mrs. Squires made objection. Some time after Morrison's survey, a way, that which has long been used as Squires Street, was opened from the farm house down to the turnpike. So Mrs. Squires enforced her objection to the line surveyed by Morrison. She opened the way some eight or ten feet narrower than he had laid it off, and made it conform to the yard and garden fence. Her unequivocal act in laying out this way was to make it of the width that did not encroach on the land which is now the lots of plaintiffs.

Moore now owns what was the farm house yard and garden, and Garrison owns the land extending therefrom to the pike, all adjoining the west side of the way as actually opened to the public by Mrs. Squires. The mere running of the line by Morrison plainly did not bind Mrs. Squires irrevocably to let the public have her land in occordance with it. Besides, no plat recorded by her, no deed made by her in the sale of lots, ever recognized Squires Street as being located by the Morrison line or as being thirty feet wide. Indeed no deed by her for any lot on the east of the Squires Street ever called for such a street at all, or for any street where Squires Street now is, though she conveyed lots which now adjoin it. Her only recognition of Squires Street in a deed was in the conveyance made by herself and husband to their son for the lot in the angle at the intersection of Squires Street and the pike, which lot is now a part of the property owned by Garrison. This lot of course is on the west side of that street. But she did not recognize the line surveyed by Morrison when she made this deed in 1893. She therein conformed to the line of the street as she had opened it. This fact conclusively appears from the evidence. The deed calls for a post at the corner of the pike and Squires Street. The surveyor who made the survey for the deed locates this post several feet to the east of the Morrison line. Its location corresponds with the location of Squires Street as actually opened by Mrs. Squires. Here again she by the deed to her son ignored the line run by Morrison. Again she expressed her disapproval of it.

But the town says that this deed by Mrs. Squires, calling as it does for Squires Street, is a dedication of that street. As between the grantor and the grantee it is a dedication. As to the

public, under the circumstances proved in these cases, we need not say. However that may be, it is not a dedication of that street as one thirty feet wide. It may be that by opening Squires Street and by calling for it in this deed, intention to dedicate is shown on the part of Mrs. Squires. But she opened it only about twenty feet wide, and her deed recognizes it exactly in the same way. She did not open it on that which is now the properties of Garrison and Moore, nor did she in the deed to her son calling for Squires Street include any of the lot now belonging to Garrison. This deed to the son is plainly against a dedication of the strip which the town seeks to open. Yet that deed and the line by Morrison is really as much as the case discloses to prove dedication on the part of Mrs. Squires of a street thirty feet wide.

The gist of the town's contention is that since Mrs. Squires recognized Squires Street in the deed to her son, since she conveyed other lots for which it would be convenient outlet, and since Morrison had surveyed it thirty feet wide, it was thus dedicated as a public street thirty feet wide, thereby including a strip of the properties of plaintiffs. But how can the Morrison survey control the call for Squires Street in the single deed calling for that street, when it is conclusively shown that the survey from which the deed was made does not follow the Morrison line, but follows the way as actually opened and used. While the deed may be evidence of a dedication of Squires Street, it certainly can not be taken to recognize Squires Street as including part of the land which the deed itself conveys. Further, the fact that Susan C. Squires conveyed other lots that would have more convenient access by Squires Street affords no evidence of dedication—particularly no evidence of the width of that street. She conveyed these lots by no fixed or recorded plan and gave no recognition in her deeds to the existence of any such street. Her only mention of such a street in a conveyance is in the deed to her son. And, as we have shown, the located call of that deed for Squires Street is squarely against the contention of the town. It places Squires Street right where plaintiffs insist it should be.

The decrees will be reversed. The relief prayed for by plaintiffs will be granted by decrees entered here.

*Reversed and Decrees Entered.*